# Third District Court of Appeal

## State of Florida

Opinion filed October 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0683
Lower Tribunal No. 20-27980
_____

**Delmarie Donald,**
Appellant,

vs.

**Mrylene Barrera, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Delmarie Donald, in proper person.

Marcus Law Center, LLC, and Nicholas M. Vicente and Alexandra D. Salvador, for appellees.

Before LOGUE, C.J., and SCALES and HENDON, JJ.

PER CURIAM.

Appellant Delmarie Donald ("Donald") challenges a final summary judgment adjudicating her claims – sounding in fraud and negligence – that appellee Myrlene Barrera ("Barrera"), the principal of three corporations,[1] misled Donald into working for these corporations with false promises of company ownership. On March 3, 2023, the trial court conducted a hearing on Barrera and the corporations' summary judgment motion.[2] On March 13, 2023, the trial court entered a detailed, eleven-page summary judgment order, concluding, *inter alia*, that all of Donald's claims are barred by the applicable four-year statutes of limitation.

We review *de novo* a trial court's order granting final summary judgment. See Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022). Upon our review of the record, we agree with the trial court that, even if Barrera had fraudulently induced Donald to work for the corporations based on false promises of an ownership interest in them, any such claims accrued upon Donald being made aware that she held no ownership interest in any of the three corporations.[3] See § 95.031(2)(a), Fla.

---

[1] The corporations, co-appellees of Barrera in this appeal, are Synergy Dialysis, Inc., N'Sync Consulting Corp., and Synergy Dialysis of Pembroke Pines, LLC.

[2] We have not been provided a transcript of this hearing.

[3] We express no opinion as to the merits of Donald's claims.

Stat. (2020) ("An action founded upon fraud . . . must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence . . . .").

Because the summary judgment evidence establishes that Donald was aware she held no ownership interest in the corporations earlier than four years from the December 31, 2020 filing of Donald's lawsuit, her claims are barred by the applicable statutes of limitation. <u>See</u> §§ 95.031(2)(a), 95.11(3)(j), Fla. Stat. (2020) (fraud); § 95.11(3)(a), Fla. Stat. (2020) (negligence).

Affirmed.